IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Dewight Whiley White,** | Case No. 1:25cv01873 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| | |
| **U.S. Dept. of Justice, et al.,** | MEMORANDUM OPINION AND ORDER |
| **Defendants.** | |

*Pro se* plaintiff Dewight Whiley White filed this civil rights action under 42 U.S.C. § 1983 against the U.S. Department of Justice; Immigration and Naturalization Service; and Kristi Neom, Secretary of Homeland Security. (Doc. No. 1). Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. No. 2). The Court grants the application, but for the following reasons, the Court dismisses the action.

## I. Background

Plaintiff, a citizen of Jamaica, entered the United States as an immigrant in November 1989. On March 28, 1996, Plaintiff pleaded guilty to burglary and theft in Cuyahoga County Court of Common Pleas Case No. CR-95-333432. The Court scheduled his sentencing for April 11, 1996. Plaintiff claims that neither defense counsel nor the trial court advised him of the deportation consequences of his guilty plea. On April 6, 1996, Plaintiff advised defense counsel that he wished to withdraw his guilty plea because he did not fully comprehend the nature of his plea. Plaintiff claims that defense counsel indicated that he would file a motion to withdraw the guilty plea. However, according to Plaintiff, on April 11, unbeknownst to Plaintiff, counsel moved to withdraw from his representation of Plaintiff, rather than file a motion to withdraw his guilty plea, and

counsel "abandoned … Plaintiff's case." (*See* Doc. No. 1 at 4-5). While this may be true, the docket reflects that Plaintiff failed to appear for his sentencing scheduled for April 11, thereby making it difficult for counsel to move to withdraw Plaintiff's guilty plea or to advise Plaintiff that he moved to withdraw representation. *See State of Ohio v. White*, Case No. CR-95-333432 (Cuyahoga Cty. Ct. Comm. Pl. Feb. 5, 1996). The docket also reflects that on November 19, 1996, Plaintiff was picked up on a capias and sentenced to a prison term of 3 to 15 years. *Id.*

According to the complaint, Plaintiff received a notice to appear in removal proceedings pursuant to the Immigration and Nationality Act on May 2, 2002. Plaintiff was then deported to Jamaica on June 13, 2005. (Doc. No. 1 at 5).

More than 20 years after his deportation, Plaintiff claims that his deportation was unlawful because the court relied on a "fraudulent criminal judgment" issued by the Cuyahoga County Court of Common Pleas in 1996. (*Id.* at 3). He alleges that Defendants' actions constitute a violation of the Immigration and Nationality Act, the Administrative Procedure Act ("APA"), and his Fifth Amendment Due Process rights.

Plaintiff seeks a declaration that Plaintiff was wrongfully deported, an order requiring the defendants to facilitate Plaintiff's return to the United States, and compensatory relief.

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99

F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

Plaintiff alleges that his deportation was "wrongful" because it was based on a fraudulent state court judgment of conviction. To the extent Plaintiff seeks review of the final order of removal, this Court lacks jurisdiction to consider Plaintiff's claims.

Federal courts are courts of limited jurisdiction, and they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, federal courts have only the authority to decide cases that the Constitution and Congress empower them to resolve. *Hamama v. Adducci*, Nos. 17-2171, 18-1233, 912 F.3d 869,

874 (6th Cir. 2018) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986)).

Congress enacted 8 U.S.C. § 1252, the REAL ID Act, to limit the jurisdiction of federal courts. Section 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This provision applies "to three discrete actions that the Attorney General may take: [the] 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'"[1] *Hamama*, 912 F.3d 869 at 874 (citing *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999)). The Act "sought to channel judicial review of an alien's claims related to his or her final order of removal through a petition for review at the court of appeals." *Elgharib v. Napolitano*, 600 F.3d 597, 600 (6th Cir. 2010). Therefore, to the extent Plaintiff seeks review of a final order of deportation, Section 1252 deprives this Court of jurisdiction. *See* 8 U.S.C. § 1252; *Elgharib*, 600 F.3d 597 at 605 ("Congress acted within its constitutional powers to limit judicial review of constitutional questions under § 1252, and we conclude that § 1252(a)(5) & (g) both preclude district-court jurisdiction over constitutional challenges to final orders of removal."); *Maxwell v. Bd. of Immigration Appeals*, No. 4:06-cv-353, 2006 WL 2987718, at *2 (N.D. Ohio Oct. 17, 2006) ("As a result, § 1252 now precludes all review, including habeas, in district courts.").

---

[1] Section 1252(g)'s reference to "Attorney General" now refers to the Secretary of Homeland Security." *Elgharib v. Napolitano*, 600 F.3d 597, 606-607 (6th Cir. 2010).

Plaintiff also appears to claim that his state court conviction was "fraudulent." To the extent Plaintiff is seeking damages under 42 U.S.C. § 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, he must first show that the conviction or sentence at issue has already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Plaintiff has not made that showing here. His complaint for damages must therefore be dismissed. *See Wright v. Kinneary*, 46 Fed. App'x. 250, 252 (6th Cir. 2002) (citing *Heck*, 512 U.S. at 486-87).

### IV. Conclusion

Accordingly, the Court grants Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and dismisses Plaintiff's complaint (Doc. No. 1) pursuant to 28 U.S.C. § 1915(e)(2). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: October 20, 2025

PAMELA A. BARKER
U. S. DISTRICT JUDGE